## JAMES BARTLETT *vs.* JOSIAH ROBBINS & others.

Where a suit is brought against three joint contractors, and the writ is served on two only, the two, by pleading the general issue, waive their right to object to the want of service on the third.

In a deed *inter partes*, viz., by and between A. B. and C. on the one part, and D. E. and F. on the other part — after a recital that said D. E. and F. were a committee to purchase a steamboat to run, &c., for an association of subscribers, and that it was probable that they (said D. E. and F.) might find it necessary, in pursuance of said object, to contract debts beyond the amount subscribed therefor — it was agreed by A. B. and C., that if the contracts of D. E. and F., for said object, should exceed the amount subscribed therefor, then they, (A. B. and C.,) would bear and pay to D. E. and F. one half of the amount that their said contracts for said objects should exceed the amount subscribed therefor. *Held*, that this was a joint contract of A. B. and C. *Held also*, that the joint liability of A. B. and C. was not annulled by a subsequent clause in the deed, by which it was mutually agreed, that the advances contemplated to be made by D. E. and F. should be paid equally, and that all profits and losses, arising from such advances, should be paid or borne equally, by all the parties to said deed.

THIS was an action of covenant broken, brought against Josiah Robbins, Daniel Jackson and Charles Brown, upon the instrument in the margin,* and the declaration alleged that the

* This agreement, made this twelfth day of Nov. 1828, by and between Josiah Robbins and Daniel Jackson, jr. of Plymouth, in the county of Plymouth and Commonwealth of Massachusetts, and Charles Brown of Boston, in the county of Suffolk and State aforesaid, on the one part, and James Spooner, Jacob Covington and James Bartlett, jr., of Plymouth, in the county of Plymouth and Commonwealth of Massachusetts, on the other part, witnesseth : That whereas the said Spooner, Covington and Bartlett are a committee to purchase a location and build a wharf in Plymouth, and to purchase and establish a steamboat to run between Plymouth and Boston, for and in behalf of an association of subscribers for that object; and whereas it is probable that the said Spooner, Covington and Bartlett, in pursuance of said object, may find it necessary to contract debts on account of said wharf and steamboat, over and above the

defendants therein covenanted with the plaintiff, together with Jacob Covington and James Spooner, both since deceased. The writ was duly served on said Robbins and Jackson. No other service was made on said Brown besides that which appears in the following return of the officer on the writ : " Plymouth ss. July 26, 1841. The within named Charles Brown has not, to my knowledge, any property in my precinct, nor resided within the United States for the last five or six years, nor any agent, tenant or attorney in my jurisdiction. I, by the direction of the creditor's attorney, left a summons for said Brown at the last and usual place of abode of said Josiah Robbins. Said Brown had a family living in Plymouth."

The defendants, Robbins and Jackson, craved and had oyer of the instrument declared on, and pleaded the general issue, annexing to their plea a specification of their grounds of defence. They afterwards, (at the last May term,) moved for a nonsuit, on the ground of misjoinder of parties, and contended *first,* that the contract of the defendants was several and not joint, and that no action thereon could be maintained against the defendants jointly ; and *secondly,* that whether said contract was joint or several, no action could be maintained against Robbins and Jackson, without joining Brown, the other covenantor, and that no sufficient reason appeared, on the officer's return, for not making service on Brown.

A nonsuit was entered by consent, subject to the opinion of the whole court.

---

amount subscribed for that purpose : It is therefore agreed, and we, the said Robbins, Jackson and Brown do hereby agree, that in case the contracts of said committee, for the abovesaid wharf and steamboat, shall exceed the amount subscribed for that purpose, then we will bear and pay to said Spooner, Covington and Bartlett one half the amount that their said contracts for the said wharf and steamboat exceed the amount subscribed for that purpose.

It is the mutual agreement of the parties hereunto, that the above contemplated advances shall be paid equally by the subscribing persons, and that all profits and losses arising from such advances shall be divided or borne equally by the subscribers hereto.

In testimony whereof we hereunto set our hands and seals. (Signed and sealed by the six persons above named.)

16 *

*Eddy & Gilbert,* for the defendants, contended that the con-
tract was several and not joint, and cited Perk. § 107. Ham-
mond on Parties, 21. *Ernst* v. *Bartle,* 1 Johns. Cas. 319
*Slingsby's case,* 5 Co. 18 *b.* *Johnson* v. *Wilson,* Willes, 248
*Lilly* v. *Hodges,* 8 Mod. 166. *Withers* v. *Bircham,* 3 Barn.
& Cres. 254. *Ludlow* v. *McCrea,* 1 Wend. 228. *Eccleston*
v. *Clipsham,* 1 Saund. 153. *Mathewson's case,* 5 Co. 22 *b.*

*W. Thomas,* for the plaintiff. There must be express words,
in order to create a separate liability in case of any joint con-
tract, or a several interest must be so manifest on the face of the
contract as to be equivalent to express words. And in a deed
*inter partes,* like that in question, a several legal interest is sel-
dom if ever created by any form of expression. *Spencer* v.
*Field,* 10 Wend. 91. Yelv. (Amer. ed.) 177, *note.* 1 Chit. Pl.
3, 4. 1 Esp. Dig. 288. As the first part of the deed contains
a contract clearly joint, the latter part, if inconsistent therewith,
is inoperative. Hammond on Parties, 16.

SHAW, C. J. A nonsuit was entered in the present case, for
the purpose of taking the opinion of the whole court upon two
preliminary questions, the decision of either of which against
the plaintiff would have been decisive of the case.

This was an action of covenant, against three, and service on
two ; but it was contended that no sufficient service was made
on Brown, and therefore that the suit could not be maintained
against the other two. After the two had pleaded the general
issue, they moved to dismiss the action for want of a sufficient
service on Brown.

Brown is in form made a party to the suit, being included in
the writ and declaration. If he was rightfully summoned, ac-
cording to the statute, though out of the State, he must either
appear and plead, or be defaulted ; and in the latter case, the suit
would rightfully proceed against the other two. But if he was
not rightly summoned, (of which we give no opinion,) we are
of opinion that the defendants could take no advantage of it, ex-
cept by plea in abatement. But it is too late to plead in abate-
ment, after pleading the general issue. And even if it were
open for a motion to dismiss the action for want of legal service

on one of the defendants — being a right for their benefit, which they might waive, and proceed to the merits — they must be deemed to have waived the exception to the service, by having pleaded.    *Simonds* v. *Parker*, 1 Met. 508.

The other question is, whether the contract by the three defendants with the plaintiff and his two deceased co-covenantors, Covington and Spooner, was a joint contract, or several.    If the latter, a suit against the three, or either two of them, cannot be maintained.

This contract is quite obscure.    To some extent, the different clauses are contradictory, and it is difficult to ascertain the intentions of the parties.    Whether a contract is joint or several may depend upon the use of those terms, or upon the obvious nature of the undertaking.    *Eastman* v. *Wright*, 6 Pick. 316.

In the first place, this is a contract, in terms, *inter partes*, between Robbins, Jackson and Brown, on the one part, and Spooner, Covington and Bartlett, on the other part.    After certain recitals, it proceeds thus :    " And the said Robbins, Jackson and Brown do agree, in case, &c., then we will bear and pay to said Spooner, Covington and Bartlett one half the amount of their said contracts."    This would appear very clearly to constitute a joint stipulation, by the three composing the party of the second part, with the three composing the party of the first part.    The only doubt thrown upon it arises from the succeeding and closing provision, which is this :    " It is the mutual agreement of the parties hereunto, that the above contemplated advances shall be paid equally by the subscribing persons, (viz. the six,) and that all profits and losses arising from such advances shall be divided and borne equally by the subscribers."

On the whole, though it is difficult to reconcile the provisions of this short contract, we are of opinion, that this latter clause does not annul or control the plain and direct stipulation, by which the three defendants stipulated, in a certain event, which is alleged to have occurred, to pay a sum of money to the three covenantors, of whom the plaintiff is the survivor ; and therefore that the action may be maintained.

*Nonsuit taken off.*